# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN,

    Plaintiff,

  vs.                                                                   1:18-cv-00714-WJ-LF

SAMIA RABADI,
FELIX RABADI, and
OMAR RABADI,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court upon Plaintiff's Motion for Summary Judgment, filed March 21, 2019 **(Doc. 36)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is **GRANTED.**

## BACKGROUND[1]

Plaintiff, Foremost Insurance Company Grand Rapids, Michigan ("Foremost Insurance Company") is currently defending Defendants Samia, Felix, and Omar Rabadi in the underlying suit in Second Judicial District Court, Bernalillo County, New Mexico: *Jessica and Dennis North v. Omar Rabadi, et al.,* Case No. D-202-CV-2018-00229. Plaintiff seeks a declaration that it is not required to defend or indemnify Defendants in that suit, a dog bite case.

---

[1] The Court notes that this summary judgment motion was filed before the close of discovery. Under these circumstances, summary judgment is appropriate based on the undisputed material facts. Defendants did not request additional discovery and did not bring a Rule 56(f) motion requesting that the Court delay ruling on summary judgment. Moreover, Defendants do not explain what evidence they would seek in discovery. Therefore, there is nothing in the record to indicate that summary judgment is not appropriate at this juncture.

Initially, the Court notes that multiple docket entries indicate that mail sent by the Court to Defendants has been returned. The returned envelopes are generally marked "refused – does not live here." United States Magistrate Judge Laura Fashing issued an order to show cause, directing Defendants to supply an accurate address. Defendants responded, asserting that the Court has the correct addresses. Moreover, Defendants appear to be in actual receipt of each document, because they have responded to every motion or order to show cause and have appeared at a scheduling conference. Therefore, there is no indication that Defendants have not actually received all documents.

## LEGAL STANDARD

A motion for summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*. The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## UNDISPUTED FACTS

The following material facts are undisputed and supported in the record. Defendants generally either admitted them in their answer to the complaint or response to the motion for summary judgment. In the few instances Defendants did dispute a fact, they did not support those disputes by a citation to the record.

Plaintiff seeks a declaratory judgment that it does not have a duty to defend or indemnify Defendants in an underlying suit in the Second Judicial District Court, Bernalillo County, filed on January 10, 2018, by Jessica North and Dennis North against Omar, Samia, and Felix Rabadi, in Cause No.: D-202-cv-2018-00229 (the "underlying suit").

The underlying suit alleges that "Defendant Omar Rabadi resided in a home owned by his parents, Defendants Samia Rabadi and Felix Rabadi, located at 9304 Macallan Road NE, Albuquerque, New Mexico, and is within the vicinity of Plaintiff Jessica North's home, which is located at 7305 Derickson Ave NE, Albuquerque, New Mexico." **Ex. A.**

The two properties are approximately 2.7 miles apart. Jessica North was attacked by Defendants' dogs outside her home. Defendants dispute the exact distance between the properties, but that is not relevant to the issues in this motion. It is undisputed that the properties are not adjacent and are far apart.

The underlying suit alleges that Omar Rabadi owned two American Pit Bull Terriers "commonly known for their aggression and tenacity as guard dogs." **Ex. A.** It also alleges that "on or about December 6, 2016, Plaintiff Jessica North was exiting her home to walk her two leashed dogs, when two pit bulls approached Plaintiff Jessica North and began attacking her and her two dogs just outside her front door and within the courtyard of her property." **Ex. A.** As a result, Jessica North sustained bodily injury. Dennis North alleges he experienced damages in the form of the loss of consortium with his wife arising out of the same occurrence.

The underlying suit alleges negligence against all Defendants for, among other things, the failure to properly secure the property owned by Samia and Felix Rabadi at 9304 Macallan Road, sufficient to restrain the pit bulls and not allow them to exit the property. The complaint in the underlying suit further alleges that Defendants "failed to exercise reasonable care under the circumstances by failing to properly secure their dangerous breed dogs" which caused Plaintiffs to suffer damage and injuries. **Doc. A, ¶ 21, 22.**

Plaintiff filed its complaint for declaratory relief on a homeowner's insurance policy issued July 25, 2018. That policy was issued to Samia Rabadi with a $300,000 limit for premises liability. The homeowners policy contains the following coverage language:

a) Section II-Coverage F- Premises Liability

> If a claim is made or a suit brought against you for damages because of bodily injury… caused by an accident on your premises, we will:
>
> (1) Pay up to the limit of liability shown on the declarations page for the damages for which you are legally liable; and,
> (2) Provide a defense at our expense by attorneys of our choice.

Premises is defined in the policy as:

> (1) The dwelling and other structures that are described on the declarations page; and,
> (2) the sidewalks, driveways, or other private approaches that serve that dwelling and other structures; and,
> (3) The grounds that are immediately adjacent to that dwelling and other structures.

The policy defines the insured premises as "9304 Macallan Road Ne, Albuquerque, New Mexico, 87109." The policy limits coverage for bodily injury claims as follows:

> Coverage F- Premises liability applies to **bodily injury** and **property damage** only if the **bodily injury** or **property damage** occurs on your **premises** and during the policy period shown on the Declarations page.

**Doc. 1-1, p. 4.** Defendants agree the policy quoted above and attached to Plaintiff's summary judgment motion was in effect during the relevant period.

4

**DISCUSSION**

**I. Diversity Jurisdiction.**

Defendants assert that state law applies. To the extent Defendants argue that this case is not properly before the Court, the Court notes that Defendants admitted diversity jurisdiction exists, and the Court finds nothing in the record to question that diversity jurisdiction exists. Defendants are residents of New Mexico, while Plaintiff is incorporated in Michigan.

Because this is a diversity case based on New Mexico law, this Court must ascertain and apply New Mexico law. In doing so, the Court must either follow the decisions of the New Mexico Supreme Court or attempt to predict what the New Mexico Supreme Court would do. *Coll v. First Am. Title Ins. Co.,* 642 F.3d 876, 886 (10th Cir. 2011); *Federated Serv. Ins. Co. v. Martinez*, 529 F. App'x 954, 957 (10th Cir. 2013) (if no controlling state supreme court case exists, district court must predict how such court would rule based on intermediate appellate decisions, decisions of other states, federal decisions, and general weight and trend of authority).

**II. Plaintiff has no duty to defend or indemnify Defendants.**

Plaintiff argues it has no duty to indemnify or defend Defendants. The Court agrees. An insurer has no duty to defend or indemnify if the allegations clearly fall outside the policy's provisions. *Guaranty Nat'l Ins. Co. v. Baca*, 120 N.M. 806 (Ct. App. 1995); *Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo*, 114 N.M. 695, 697 (1992) ("If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required."). If the allegations on the face of the complaint are potentially or arguably within the scope of coverage, the insurer is obligated to defend. *American Gen. Fire & Cas. Co. v. Progressive Cas. Co.*, 110 N.M. 741, 744 (1990). Known but unpled facts can also bring a claim within the scope of coverage. *Id.* ("The duty of an insurer to defend arises from the allegations on the face of the complaint or from the known but unpleaded factual basis of the claim that brings it

5

arguably within the scope of coverage."). Because the duty to defend is broader than the duty to indemnify, "a finding of no duty to defend necessarily precludes a finding of a duty to indemnify." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 961 (10th Cir. 2011) (where there is no duty to defend, it follows that there can be no duty to indemnify); *see generally First Mercury Ins. Co. v. Cincinnati Ins. Co.*, 882 F.3d 1289, 1301 (10th Cir. 2018) (explaining New Mexico law on duty to defendant and indemnify).

Here, the allegations in the underlying suit, and the undisputed facts fall outside the scope of the policy's provisions. The policy language is clear that only bodily injuries occurring on the "premises" falls within the scope of coverage. *See* **Doc. 1-1, p. 4** ("Premises liability applies to **bodily injury** and **property damage** only if the **bodily injury** or **property damage** occurs on your **premises** and during the policy period shown on the Declarations page."). The parties agree that the dog attack and the bodily injury did not occur on the insured's premises. Rather, the attack occurred miles away at Jessica North's home. Thus, because the allegations and undisputed facts fall outside of the scope of the policy, Plaintiff has neither the duty to defend nor the duty to indemnify Defendants. *Bernalillo Cty. Deputy Sheriffs Ass'n v. Cty. of Bernalillo*, 114 N.M. 695, 845 P.2d 789, 791 (1992) ("If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required."), *quoted in W. Am. Ins. Co. v. Atyani*, 366 F. Supp. 3d 1270, 1281 (D.N.M. 2019); *see, e.g., Safeco Ins. Co. of Am. v. Mares*, 71 F. App'x 808, 811 (10th Cir. 2003) (in interpreting similar policy under New Mexico law, Tenth Circuit noted that although negligent act occurred on the premises, the bodily injury occurred off site and therefore the policy did not provide coverage).

Defendants argue that the negligent act of letting the dogs loose occurred on their premises, therefore they should receive coverage under their homeowner's policy. However, this

6

interpretation is contradictory to the express language of the policy, which clearly provides that there is coverage for third-party bodily injury "only if the **bodily injury** or **property damage** occurs on your **premises** and during the policy period shown on the Declarations page." **Doc. 36-4, p. 18.** Defendants do not dispute that the bodily injury occurred off the premises. They do not point to any language in the policy that provides that the negligent act of letting the dogs loose is covered if the bodily injury occurs off the premises.

### III. Defendants' arguments are unavailing.

Defendants argue that the policy is ambiguous and that any ambiguity is construed against Plaintiff. However, Defendants do not point to any ambiguities in the policy language.

In determining whether an insurance policy provision is ambiguous, the Court considers whether the language "is susceptible to more than one meaning, [whether] the structure of the contract is illogical, [and whether] a particular matter of coverage is not explicitly addressed by the policy." *Rummel v. Lexington Ins. Co.,* 1997–NMSC–041, ¶ 19, 123 N.M. 752, 945 P.2d 970, *quoted in City of Santa Rosa v. Twin City Fire Ins. Co.*, 2006-NMCA-118, ¶ 7, 140 N.M. 434, 436, 143 P.3d 196, 198. "[The Court] will not create ambiguity where none exists, and an ambiguity does not exist merely because the parties hold competing interpretations." *City of Santa Rosa*, 2006 NMCA-118 at ¶ 7, *citing Battishill,* 2006–NMSC–004, ¶ 17.

Absent any ambiguity, the construction of a contract is a question of law, and whether an agreement contains an ambiguity is also a question of law. *Boatwright v. Howard*, 102 N.M. 262, 263 (1985) (citing *Schaefer v. Hinkle*, 93 N.M. 129, 597 P.2d 314 (1979) ("It is the role of the courts to interpret and enforce a contract as written by the parties."). When the insurance policy is unambiguous, a court must enforce its terms. *Sanchez v. Herrera,* 109 N.M. 155, 159 (1989). "When a policy contains clear and unambiguous language, the duty of the reviewing court is to

enforce that language as written as an expression of the intent of the parties." *Battishill,* 2006–NMSC–004, ¶ 20.

The Court finds that the insurance contract is clear and unambiguous. The policy provides that there is coverage "only if the **bodily injury** or **property damage** occurs on your **premises.**" **Doc. 36-4, p. 18.** This could not be more clear, and Defendants do not point to any other policy language that makes this language ambiguous or explain how the policy language is ambiguous.

Defendants argue they believed they were purchasing "full coverage". Defendants do not point to any undisputed facts, language in the policy, or any evidence in the record to support this claim. Defendants did not provide any evidence or dispute any facts to overcome summary judgment. They argue that they asked the insurance agent for full coverage and were not told about this exclusion. But this assertion is not supported by any affidavit or admissible evidence attached to their response. *See* Fed. R. Civ. P. 56(c) (party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to materials in the record). Even if the Court considered Defendants' argument as properly supported, any subjective view of coverage must give way to "the objective exactions the language of the policy would create in the mind of a hypothetical reasonable insured." *Battishill v. Farmers Alliance Ins. Co.*, 2006-NMSC-004, ¶ 13. "When a policy contains clear and unambiguous language, the duty of the reviewing court is to enforce that language as written as an expression of the intent of the parties." *See id.* ¶ 20. Here, as explained above, the policy language is clear and unambiguous. The subjective expectations of Defendants do not trump clear and unambiguous policy language excluding coverage under these circumstances.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (**Doc. 36**) is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff has no duty to defend or indemnify Defendants in the underlying suit, *Jessica and Dennis North v. Omar Rabadi, et al.,* Case No. D-202-CV-2018-00229, in Second Judicial District Court, Bernalillo County, New Mexico.

_____
CHIEF UNITED STATES DISTRICT JUDGE